QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant*
*Kia America, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*City of Lorain, Ohio v. Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America, Inc.*<br>Case No. 8:23-cv-02083 | Case No.: 8:22-ML-3052-JVS-(KESx)<br><br>**ANSWER OF KIA AMERICA, INC. TO CITY OF LORAIN, OHIO'S FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Judge: Hon. James V. Selna |

Defendant Kia America, Inc. ("KA" or "Defendant") by and through its counsel, hereby submits its Answer to the First Amended Complaint ("FAC") filed by Plaintiff City of Lorain, Ohio ("Plaintiff" or "Lorain"). Unless expressly and specifically admitted, KA denies each and every allegation made by Lorain in its FAC. KA answers as follows:

## I. INTRODUCTION[1,2]

1. Answering Paragraph 1, Hyundai Motor Corporation and Kia Corporation have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC, HMC, or Hyundai Motor America ("HMA," and collectively with HMC "the Hyundai Defendants") and therefore denies them. Answering further, Defendant responds that "inextricable link," "public safety," "sitting ducks," "simple," "[t]wo car manufacturers," "business decision," "reasonable anti-theft technology," "across the nation," "massive public safety consequences," "initial steps," "Defendants," "crime wave," and "communities nationwide" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it is a car manufacturer. Answering further, Defendant admits that it has taken steps to discourage vehicle thefts. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further,

---

[1] This document adopts the headings of Plaintiff's FAC only for the Court's ease of reference. Defendant does not agree with or admit any statements alleged in the headings.

[2] On May 15, 2024, the Court approved the Parties' joint stipulation to dismiss Hyundai Motor Company ("HMC") and Kia Corporation ("KC") from this action without prejudice. *See* Dkt. 420.

Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

2. Answering Paragraph 2, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "largely," "most," "recent," and "glaring exception" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

3. Answering Paragraph 3, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "most," "long after," "ignored," "adopted," "industry-standard practices," "in the name of profit," and "other reasonable anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designed or manufactured the listed vehicle models, but admits that Defendant distributed some of the model years 2011 through 2022 Kia-branded vehicles listed in this Paragraph. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the Hyundai vehicle models, and therefore denies them. Answering further, Defendant admits that the

FAC purportedly refers to the listed vehicle models as the "Susceptible Vehicles," but denies that characterization. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

4. Answering Paragraph 4, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "easy," "Hyundai's and Kia's business decisions," "boost profits," "other reasonable anti-theft technology," "rash of thefts," "crime wave," "significant impact," "law enforcement operations," "emergency services," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that there exists online videos demonstrating how to steal certain Hyundai and Kia vehicles, and that, in some instances, those videos appear to have involved the use of a USB cable. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

5. Answering Paragraph 5, Defendant responds that "successful," "modern technology," and "most" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

6. Answering Paragraph 6, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that this Paragraph asserts a legal conclusion regarding Canadian and European laws and/or regulations, and therefore no response is required. To the extent a response is required, Defendant responds that the referenced laws and/or regulations speak for themselves. Answering further, Defendant responds that "Hyundai," "Kia," "unique," "other reasonable anti-theft technology," "most," "the technology," "beyond them," and "trade public safety for profits" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant responds that the allegations are vague as to time and therefore denies them. Answering further, Defendant denies that it is an automobile manufacturer. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

7. Answering Paragraph 7, Defendant denies that it is an automobile manufacturer. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Hyundai-branded vehicles, and therefore denies the allegation. Answering further, Defendant denies that for the 2015 model year, 26% of Kia-branded vehicles in the United States were equipped with engine immobilizers. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to vehicles from other manufacturers, and therefore denies the allegation. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 1 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

8. Answering Paragraph 8, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "well-documented benefit," "opted to install," and "higher end" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant admits that all 2023 model year Kia-branded vehicles distributed in the United States were equipped with engine immobilizers. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

9. Answering Paragraph 9, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai's and Kia's decisions," "put profits over public safety," "devastating consequences," "industry-standard," "other reasonable anti-theft measures," "deterrent effects," "such technology," "floodgates," "reckless driving," "crime sprees," and "endangered public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

10. Answering Paragraph 10, Defendant responds that "[t]his epidemic," "nationwide," "[t]his trend," "other reasonable anti-theft technology," "crime wave," "millions," "coast to coast," and "pay the price" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to statistics reported by the Milwaukee Police Department, and therefore denies them.

Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

11. Answering Paragraph 11, this Paragraph contains a legal conclusion regarding whether vehicle theft is a property crime, to which no response is required. To the extent a response is required, the laws of the City of Lorain and other cities and municipalities speak for themselves. Answering further, Defendant responds that "grave threat to public safety," "reckless driving," "injuries," "increased violence," "many car owners," "law enforcement and emergency resources," "deprives," and "safe streets and sidewalks" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that reckless driving can sometimes result in injuries and/or death. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

12. Answering Paragraph 12, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "skyrocketing rate," "drastically impacted," "city and police resources," "increasingly dangerous conditions," "many of them," "Hyundai's and Kia's failures," "reckless driving," and "endangering" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

13. Answering Paragraph 13, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "could have been avoided," "industry-wide standards," and "other reasonable measures" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

14. Answering Paragraph 14, Defendant responds that "other harms," "public safety," "combat," "growing burden," "increased," "many," "associated dangers," and "reckless driving" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

15. Answering Paragraph 15, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that HMA and KA are headquartered in the State of California and that HMC and KC are headquartered in Seoul, South Korea. Answering further, Defendant responds that "multinational automakers" is vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

**B. Personal Jurisdiction**

16. Answering Paragraph 16, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that HMA and KA are incorporated and headquartered in the State of California, and that HMA and KA have conducted business in the State of California and in the Central District of California. All allegations in this Paragraph not specifically admitted are denied.

17. Answering Paragraph 17, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "substantially controls" is vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

**1. HMC's and KC's Forum-Related Activities**

18. Answering Paragraph 18, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC. Answering further, this Paragraph contains legal conclusions to which no response is

required. To the extent a response is required, Defendant admits that HMC is a South Korea-based company, but states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to HMC, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

19. Answering Paragraph 19, HMC has been dismissed as a defendant from this case, and therefore no response is required as to the allegations direct to HMC. Answering further, Defendant responds that "recent" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant states that the First Amended Complaint filed on November 21, 2018, *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 2:17-cv-3010-JCM-GWF (D. Nev.), ECF No. 34, cited in footnote 3 of the FAC, speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

20. Answering Paragraph 20, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

21. Answering Paragraph 21, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant responds that "this market" and "full knowledge" are vague and ambiguous, and that the allegation is vague as to time, and denies the allegation on that basis. Answering further, Defendant admits that HMA is a subsidiary of HMC

and that KA is a subsidiary of KC. Answering further, Defendant denies that HMC and KC have sold any vehicles in the United States during the relevant time period. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

22. Answering Paragraph 22, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "majority" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it received over eight million of the Susceptible Vehicles from HMC or KC to sell in the United States. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

23. Answering Paragraph 23, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC and KC, and therefore denies them. Answering further, Defendant responds that "passively" is vague and ambiguous, and denies the allegation on that basis. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that engine immobilizers are not required by law to sell vehicles in the United

States. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

24. Answering Paragraph 24, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "instrumental roles," "HMA's and KA's analysis and decision-making processes," and "reasonable anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

25. Answering Paragraph 25, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that "monitoring" and "reported" are vague and ambiguous, and denies the allegations on that basis. Defendant admits that HMA is a subsidiary of HMC and that KA is a subsidiary of KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

26. Answering Paragraph 26, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "regularly" is vague and ambiguous, and denies the allegation on that basis. To the extent Plaintiff's allegations rely on the document cited in footnote 4 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

**2. HMC's and KC's Control Over Their Respective Subsidiaries**

27. Answering Paragraph 27, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "exercise control" and "formal and informal means" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

28. Answering Paragraph 28, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant admits that KC has the power to appoint board members to KA and has exercised this power. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

29. Answering Paragraph 29, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC.

Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 5 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

30. Answering Paragraph 30, HMC has been dismissed as a defendant from this case and therefore no response is required as to allegations directed to HMC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to HMC, and therefore denies them. Answering further, Defendant responds that "Hyundai" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 6 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

31. Answering Paragraph 31, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

32. Answering Paragraph 32, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that "Senior executives in South Korea" and "regularly" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that KC employees have visited KA's California headquarters. Answering further, Defendant admits that

HMA's and KA's headquarters are located in the Central District of California. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

33. Answering Paragraph 33, HMC has been dismissed as a defendant from this case, and therefore no response is required as to allegations directed to HMC. Answering further, Defendant responds that "frequently" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

34. Answering Paragraph 34, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant admits that SeungKyu (Sean) Yoon is the President and CEO of KA. All allegations in this Paragraph not specifically admitted are denied.

35. Answering Paragraph 35, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "control the public name and brand" is vague and ambiguous, and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

### C. Venue

36. Answering Paragraph 36, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that HMA and KA are headquartered in the Central District of California. Answering further, Defendant responds that "substantial part" and "events/omissions" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it has research and development offices in the Central District of California. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed to KC or the Hyundai Defendants, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

## III. PARTIES

### A. Plaintiff

37. Answering Paragraph 37, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

38. Answering Paragraph 38, Defendant responds that "Greater Cleveland area" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that the U.S. Census Bureau website cited in footnote 7 of the FAC provides that "Lorain city, Ohio" had an estimated population of 65,211 as of April 1, 2020. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

**B. Defendants**

**1. Hyundai Motor Company**

39. Answering Paragraph 39, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that "multinational automaker" and allegations that the "Hyundai Motor Group" "designs, manufactures, and distributes the Susceptible Vehicles" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that HMC is headquartered in Seoul, South Korea. Answering further, Defendant admits that HMC is the parent corporation of HMA. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed in this Paragraph, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

**2. Hyundai Motor America**

40. Answering Paragraph 40, Defendant admits that HMA is headquartered in the California. Answering further, Defendant responds that "regulatory compliance" is vague and ambiguous and denies the allegation on that basis. Answering further, Defendant admits that HMA engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

**3. Kia Corporation**

41. Answering Paragraph 41, KC has been dismissed as a defendant in this case, and therefore no response is required as to allegations directed to KC. Answering further, Defendant responds that "multinational automaker" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant

admits that KC is headquartered in Seoul, South Korea. Answering further, Defendant admits that KC is the parent company of KA. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 8 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

**4. Kia America, Inc.**

42. Answering Paragraph 42, Defendant denies that it designs, manufactures, or directly services new motor vehicles under the Kia brand in the United States. Answering further, Defendant admits that it distributes Kia-brand vehicles in the United States. Answering further, Defendant admits that it is incorporated and headquartered at 111 Peters Canyon Road, Irvine, California. Answering further, Defendant admits that it distributes, markets, warrants, and oversees warranty claims through a network of over 700 dealers throughout the United States from its headquarters in California. Answering further, Defendant responds that "regulatory compliance" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it oversees vehicle regulatory compliance for all Kia-branded vehicles sold in the United States. Answering further, Defendant denies that it leases vehicles to customers. Answering further, Defendant admits that it engages in business in California, but states that whether that business is "continuous and substantial" is a legal conclusion to which no response is required. All allegations in this Paragraph not specifically admitted are denied.

# IV. THE KIA HYUNDAI THEFT WAVE

## A. Measures to Prevent Vehicle Thefts Have Existed for over a Century

43. Answering Paragraph 43, Defendant responds that "effective ways" and "efforts" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 9 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

44. Answering Paragraph 44, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 10 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

45. Answering Paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 11 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

46. Answering Paragraph 46, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

47. Answering Paragraph 47, Defendant responds that "time passed," "technology advanced," "efforts," and "joyriding" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 12 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

48. Answering Paragraph 48, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the National Traffic and Motor Vehicle Safety Act was passed in 1966. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 13 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

49. Answering Paragraph 49, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the National Highway Traffic Safety Administration ("NHTSA") has promulgated numerous Federal Motor Vehicle Safety Standards ("FMVSS"), including FMVSS 114. Answering further, Defendant responds that the text of FMVSS 114 speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

50. Answering Paragraph 50, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "major hazard to life and limb," "evidence," "far more likely," and "unreasonable risk of accident" are vague and ambiguous, and denies the allegations on that basis. To the extent that Plaintiff's allegations rely on the

document cited in footnote 16 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

51. Answering Paragraph 51, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "substantial contribution," "many," "address this safety risk," and "largely tied to" are vague and ambiguous, and denies the allegations on that basis. To the extent Plaintiff's allegations rely on the documents cited in footnotes 17, 18, and 19 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

52. Answering Paragraph 52, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that there is an ongoing public nuisance. Answering further, Defendant responds that "industry-standard," "effective," "this requirement," "Defendants' choice," "other reasonable anti-theft measures," "rampant," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. To the extent Plaintiff's allegations rely on the document cited in footnote 20 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

53. Answering Paragraph 53, Defendant responds that "increased dramatically," "most common," and "dramatic rise" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnotes 21 and 22 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

54. Answering Paragraph 54, Defendant responds that "precursor," "contemporary crisis," "elevated rates," "relative ease," "ease," "spurred a trend," and "joyriding" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the documents cited in footnotes 23 and 24 of the FAC, the documents speaks for themselves. All allegations in this Paragraph not specifically admitted are denied.

55. Answering Paragraph 55, Defendant responds that "nearly all other automotive manufacturers" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnotes 25 and 26 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

56. Answering Paragraph 56, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

57. Answering Paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on

the document cited in footnote 27 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

58. Answering Paragraph 58, Defendant responds that "proved successful" is vague and ambiguous, and denies the allegations on that basis. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the laws and regulations of the European Union, Australia, New Zealand, and Canada speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

59. Answering Paragraph 59, Defendant responds that "industry standard" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 29 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

60. Answering Paragraph 60, Defendant responds that "more effective" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 30 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

61. Answering Paragraph 61, Defendant responds that "increasing proportion of vehicles," "secure," "the new vehicle security technology," "decreased due to improved vehicle security," and "fewer adolescents" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's

allegations rely on the documents cited in footnotes 31 and 32 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

**B. Hyundai and Kia Deviated from the Industry Standard by Electing Not to Include Immobilizers or Other Reasonable Anti- Theft Technology in the Susceptible Vehicles**

62. Answering Paragraph 62, Defendant responds that “decreased significantly” and “sometimes targeting” are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff’s allegations rely on the document cited in footnotes 33, 34, and 35 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

63. Answering Paragraph 63, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that “decades,” “significantly reduced,” “public safety risks,” and “standard equipment” are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff’s characterization of the facts in this Paragraph. To the extent Plaintiff’s allegations rely on the document cited in footnote 36 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

64. Answering Paragraph 64, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, Defendant responds that "low," "other reasonable anti-theft technology," "this same time period," "Hyundai," and "Kia" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that KA installed immobilizers in vehicles for sale in the European and Canadian markets. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 37 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

65. Answering Paragraph 65, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "familiar," "benefits of installing effective anti-theft devices in the American market," "full knowledge," and "more susceptible to theft" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

66. Answering Paragraph 66, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them. Answering further, Defendant responds that "reasonable anti-theft technology" is vague and ambiguous, and denies the allegations on that basis. To the extent Plaintiff relies on the regulation cited in Paragraph 66 of the FAC, the regulation speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

67. Answering Paragraph 67, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant

responds that "adequately protected," "anti-theft technology," "Hyundai" "efficacy," "dramatic reduction of theft rates," and "substantially similar" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that places where stolen cars are disassembled so that their parts can be sold are sometimes known as "chop shops," and that in some cases, immobilizers can reduce vehicle theft. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the regulation cited in Paragraph 67 and footnote 38 of the FAC, and the Federal Register sections cited in footnotes 39 and 40 of the FAC, they speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

68. Answering Paragraph 68, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "unquestionable benefit," "Hyundai," "Kia," "more expensive," "reasonably effective alternative," "harms," and "higher end" are vague and ambiguous, and denies the allegations on this basis. Answering further, Defendant denies Plaintiff's characterization of the facts of this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 41 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

69. Answering Paragraph 69, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 42 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

70. Answering Paragraph 70, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants' decision," "reasonable anti-theft technology," "vast majority," "epidemic," and "plaguing" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that the alleged circumstances experienced by the Plaintiff were foreseeable and that Defendant's conduct "led to the epidemic plaguing Plaintiff." Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

### C. The Lack of Reasonable Anti-Theft Devices in Most Hyundai and Kia Vehicles Has Led to a Wave of Thefts

71. Answering Paragraph 71, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Kia," "Hyundai," "flout," "industry standard," "other reasonable anti-theft technology," "more susceptible," "this susceptibility," and "increased, relative to other models" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the "relative" rates at which "other models" were stolen, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's

allegations rely on the document cited in footnote 43 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

72. Answering Paragraph 72, Defendant responds that "this progression," "explosion," "simple," "reckless driving," "unsecure," and "many instances" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that videos were posted online depicting thefts of Hyundai- and Kia-branded vehicles, and that in some instances the individuals posting such videos identified themselves as part of the "Kia Boyz," however, Defendant is without knowledge or information sufficient to form a belief as to when such videos were first posted online, and therefore denies the allegation on that basis. Defendant further admits that some videos posted online depicted the breaking of a window, removal of the plastic cowl under a steering column, and use of a USB connector. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the documents cited in footnotes 44 and 45 of the FAC, the documents speaks for themselves. All allegations in this Paragraph not specifically admitted are denied.

73. Answering Paragraph 73, Defendant responds that "trending," "unsecure," "all too predictable," "skyrocketed," "dramatic increase," "unique," "[t]his trend," and "nationwide" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the documents cited in footnote 46, 47, and 48 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

**D. Car Thefts Imperil Public Safety**

74. Answering Paragraph 74, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "directly imperil," "public safety," "rash of car thefts," "Defendants," and "substantial risk" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created, facilitated, and/or otherwise contributed to a rash of car thefts, and denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

75. Answering Paragraph 75, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant responds that "major hazard to life and limb," "evidence," "unreasonable risk," substantial contribution," and "many" are vague and ambiguous, and denies the allegations on that basis. To the extent Plaintiff's allegations rely on the document cited in footnotes 49, 50, and 51 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

76. Answering Paragraph 76, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "increase," "substantial decrease," "Defendants' decision," "reasonable anti-theft technology," "clear rise," "concomitant threats," "public safety," "driven recklessly," "joyriding," and "other crimes" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that reckless driving can pose a risk to operators of the vehicle, as well as other drivers or pedestrians, but denies that Defendant's conduct caused a rise in automobile thefts, and states that Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

77. Answering Paragraph 77, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "rash of car thefts," "substantial risk," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

78. Answering Paragraph 78, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant responds that "the comfortable enjoyment of life, health, and safety of others," "many instances," "recent wave," "joyriding," and "driving recklessly" are vague and

ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that certain online videos depict thefts of Hyundai- or Kia-branded vehicles, and that some of the videos depict incidents appearing to take place during the day, while others appear to take place at night. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

79. Answering Paragraph 79, Defendant responds that "this dangerous conduct," "very real dangers," "this phenomenon," and "joyriding," are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that certain videos posted on social media platforms appear to depict criminals driving through school zones and crowds of bystanders or hitting other cars. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the documents cited in footnote 52 of the FAC, the documents speaks for themselves. All allegations in this Paragraph not specifically admitted are denied.

80. Answering Paragraph 80, Defendant responds that "responding to," "other crimes" and "serious safety threats" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the documents cited in footnotes 53, 54, 55, 56, and 57 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

81. Answering Paragraph 81, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that "substantial risk to public safety" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnotes 58, 59, and 60 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

82. Answering Paragraph 82, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that "[t]his risk" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 61 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

83. Answering Paragraph 83, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant responds that "reckless driving," "substantial risk," "harm," and "high-speed" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnotes 62, 63, and 64 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

**E. Car Thefts Drain Public Resources and Frustrate Public Policy**

84. Answering Paragraph 84, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies

that there exists a public nuisance. Answering further, Defendant responds that "significant time and resources" and "responding to" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

85. Answering Paragraph 85, Defendant responds that "police and emergency resources," "divert," "respond," "these thefts," "fewer resources," "combatting," "other crimes," and "enhancing community safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 65 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

86. Answering Paragraph 86, Defendant responds that "skyrocketing," "nationwide," and "certain locales" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that some insurance companies are refusing to write policies for certain Kia models in certain locales. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 66 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

## V. THE CONTINUING PUBLIC NUISANCE AND DEFENDANTS' LATE, INSUFFICIENT RESPONSE

87. Answering Paragraph 87, Defendant responds that "rampant thefts," "nationwide," "years," and "rise" are vague and ambiguous, and denies the allegations

on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 67 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

88. Answering Paragraph 88, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff's allegations rely on the document cited in footnote 68 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

89. Answering Paragraph 89, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants' responses," "crises," "prioritize profits over safety," "reasonable anti-theft technology," "entirely effective," "used in connection with," and "are not set up" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it has not initiated a recall of vehicles without engine immobilizers and has provided wheel locks free of charge to government entities and consumers. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the documents cited in footnote 69 and 70 of the FAC, the documents speaks for themselves. All allegations in this Paragraph not specifically admitted are denied.

90. Answering Paragraph 90, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "[m]ore recently," "Hyundai and Kia," and "other reasonable anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it has rolled out a software update for some vehicles without engine immobilizers, and that some vehicles without engine immobilizers are not eligible for the update. To the extent Plaintiff's allegations rely on the documents cited in footnotes 71 and 72 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

91. Answering Paragraph 91, the Consumer Class Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, Dkt. No. 166, dated July 20, 2023, cited in footnote 73 of the FAC, speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

92. Answering Paragraph 92, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Kia's and Hyundai's release" and "expenses" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a nuisance. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies

them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the document cited in footnote 74 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

93. Answering Paragraph 93, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "efficacy," "proven in the real world," "numerous reports," "Kia," "Hyundai," "software logic fails," and "Defendants" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies it has verified any report of a vehicle with the appropriate software upgrade installed and operating as designed being stolen in the manner the upgrade was designed to address. Answering further, Defendant denies that for those vehicles not covered by the software update that it is "offering nothing more than steering wheel locks, or rebates for already purchased wheel locks." Answering further, Defendant denies the assertions attributed to "multiple Attorneys General." Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the documents cited in footnotes 75, 76 and 77 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

94. Answering Paragraph 94, Defendant responds that "significantly inconvenience," "other reasonable anti-theft technology," "interfere with the usability," and "many everyday situations" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

95. Answering Paragraph 95, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that “significant issues,” “starting system flaw,” “vulnerable,” “public safety,” “Defendants’,” “regulatory requirements and oversight,” and “additional burdens” are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that certain Kia-branded vehicles without engine immobilizers are not presently eligible for the software update, and that certain Attorneys General sent a letter dated April 20, 2023. Answering further, Defendant denies Plaintiff’s characterization of the facts in this Paragraph. To the extent Plaintiff relies on the documents cited in footnotes 78, 79, and 80 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

96. Answering Paragraph 96, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff relies on the document cited in footnote 81 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

97. Answering Paragraph 97, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that “nationwide,” “harmful downstream

consequences," "business decisions," "Hyundai," "Kia," "reasonable anti-theft technology," "widespread harms," "public health and safety," "paying the price," and "businesses' decisions to boost their profits" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Plaintiff's alleged injuries, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies them on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

98. Answering Paragraph 98, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "crisis," "source of revenue," "Defendants," "could have," "should have," "other reasonable anti-theft technology," "industry standard," "adequate anti-theft devices," "chose to make money," and "crime wave" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it could have implemented a mandatory recall. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff relies on the documents cited in footnotes 82 and 83 of the FAC, the documents speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

99. Answering Paragraph 99, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Hyundai," "Kia," "other reasonable anti-theft technology," and "susceptible to theft" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it has not implemented a recall, but denies the characterization that a recall was mandatory. To the extent Plaintiff relies on the document cited in footnote 84 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

100. Answering Paragraph 100, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "reasonable anti-theft technology," "Defendants," and "elected profits over safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

## VI. IMPACTS ON THE CITY OF LORAIN

101. Answering Paragraph 101, Defendant responds that "increasing" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.

Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

102. Answering Paragraph 102, Defendant responds that "noticeably increased" and "unprecedented heights" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

103. Answering Paragraph 103, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

104. Answering Paragraph 104, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

105. Answering Paragraph 105, Defendant responds that "high rate," "increased threats to public safety," "responding to," and "endangers" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

106. Answering Paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

107. Answering Paragraph 107, Defendant responds that "increased," "these vehicles," "crimes," "additional resources," "combat," "crime wave," and "street crime" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

108. Answering Paragraph 108, Defendant responds that "successful" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff relies on the document cited in footnotes 85 and 86 of the FAC, the document speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

109. Answering Paragraph 109, Defendant responds that "others involved" and "path of crime" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. To the extent Plaintiff relies on the document cited in footnotes 87 and 88 of the FAC, the document speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

## VII. CAUSES OF ACTION

### COUNT ONE – COMMON LAW ABSOLUTE PUBLIC NUISANCE

110. Answering Paragraph 110, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

111. Answering Paragraph 111, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "unreasonably," "significantly interfere," "interference," and "peace, comfort, convenience, health, welfare, and safety" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied

112. Answering Paragraph 112, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "this duty" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created and/or maintained a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

113. Answering Paragraph 113, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation. Answering further, Defendant responds that "public health" and "public safety" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

114. Answering Paragraph 114, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" and "threaten the safety, welfare, peace, comfort, and sense of security" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it created a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

115. Answering Paragraph 115, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "unsafe vehicles," "more vulnerable," "other reasonable anti-theft technology," "incubated," "secondary market," "failed to abate either one and pay compensation for the same," and "future harm" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created, contributed to, and/or maintained a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff's allegations rely on the decision cited in footnote 89 of the FAC, the decision speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

116. Answering Paragraph 116, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "severe disruption," "public order and safety," "disruption," and "permanent and long-lasting damage" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it produced permanent and/or long-lasting damage. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

117. Answering Paragraph 117, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' nuisance-creating conduct" is vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it created a public nuisance or intended to create conditions constituting a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

118. Answering Paragraph 118, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "standard components," "effectiveness," "corresponding impact," "public safety," "higher end models," "other reasonable anti-theft technology," "their conduct," "increase," and "detrimental effect on the public welfare, safety, peace, comfort, and convenience" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

119. Answering Paragraph 119, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "substantially interferes," "safe and reasonable access," "[t]hat conduct," and "unlawful obstructions and impediments" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

120. Answering Paragraph 120, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants," "had control over," "maintain control over the conduct," and "reasonable anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

121. Answering Paragraph 121, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' actions and omissions" and "harm" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

122. Answering Paragraph 122, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "had reason to know," "deterrent effects," and "reasonably effective anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

123. Answering Paragraph 123, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "special position," "Defendants," "reasonable anti-theft technology," "conduct," "widespread," "enormous," and "public safety issues" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

124. Answering Paragraph 124, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "had reason to know," "their conduct" "interfering," "public safety," "substantially certain," "increase," and "interfere" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

125. Answering Paragraph 125, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "reasonable anti-theft technology," "Defendants," "directly facilitated," and "rapid increase" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created or "directly facilitated" a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

126. Answering Paragraph 126, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' actions," "substantial and unreasonable," "significant harms" "harm," and "offsetting benefit" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

127. Answering Paragraph 127, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response

is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "economic damages," "significant expenditures," and "police, emergency, health, prosecutions, corrections, youth rehabilitative services, and other services" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

128. Answering Paragraph 128, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "could have avoided all this," and "reasonable anti-theft technology" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that it manufactures vehicles. All allegations in this Paragraph not specifically admitted are denied.

129. Answering Paragraph 129, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" and "economic losses" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

130. Answering Paragraph 130, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a nuisance. All allegations in this Paragraph not specifically admitted are denied.

131. Answering Paragraph 131, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' misconduct," "discrete event," "discrete emergency," "services," and "ongoing services and resources beyond what a government would reasonably expect to provide" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that Plaintiff alleges a public nuisance. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

132. Answering Paragraph 132, Defendant responds that "expenditures," "special programs," and "over and above its ordinary public services" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

133. Answering Paragraph 133, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them. Answering further, Defendant responds that "unique harms," "different in kind and degree," and "harms" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

134. Answering Paragraph 134, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants" and "economic loss" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph. Answering further, Defendant admits that Plaintiff purports not to seek the relief described in this Paragraph. Answering further, Defendant denies that it created or assisted in the creation of a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

**COUNT TWO – COMMON LAW QUALIFIED PUBLIC NUISANCE**

135. Answering Paragraph 135, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

136. Answering Paragraph 136, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "reasonably prudent," "same position," "Defendants," "unreasonably," "significantly interfere," "interference," and "peace, comfort, convenience, health, welfare, and safety" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

137. Answering Paragraph 137, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" and "this duty" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created and/or maintained a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied. .

138. Answering Paragraph 138, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants," "unsafe vehicles," "more vulnerable," "other reasonable anti-theft technology," "incubating," "secondary market," "failing to abate either one and paying compensation for the same," and "future harm" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created, contributed to, and/or maintained a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. To the extent Plaintiff relies on the decision cited in footnote 90 of the FAC, the decision speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

139. Answering Paragraph 139, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "substantially interferes," "safe and reasonable access," "[t]hat conduct," and "unlawful obstructions and impediments" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

140. Answering Paragraph 140, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "such conduct," "conduct," "disturbance," and "reasonable apprehension of danger" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

141. Answering Paragraph 141, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants" "conduct or omissions," "endanger or injure," and "health, safety, or comfort" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

142. Answering Paragraph 142, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "exercise ordinary care and/or reasonable care," "development," "testing," "exercise care," "safe," and "reasonable anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

143. Answering Paragraph 143, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is

required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," "reasonable anti-theft technology," "increased risk," and "public harm" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

144. Answering Paragraph 144, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reasonably should have known," "secondary market," and "unsafe . . . vehicles" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

145. Answering Paragraph 145, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "bear the burden," "combatting," "effects," "newly created market," and "unsafe . . . vehicles" are vague and ambiguous, and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

146. Answering Paragraph 146, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "omission," "reasonable anti-theft technology," "injuries," and "dangerous and unreasonable risk of injury" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

147. Answering Paragraph 147, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "by action and inaction, representation and omission," "exercise reasonable care," "act as a reasonably prudent person and/or company would act," "same circumstances," "development," "testing," "standard," and "reasonable anti-theft measures" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or produces vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

148. Answering Paragraph 148, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' actions," "substantial and unreasonable," "significant harms," "harm," and "offsetting benefit" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a public nuisance. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

149. Answering Paragraph 149, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "economic damages," "significant expenditures," and "police, emergency, health, prosecutions, corrections, youth rehabilitative services, other services" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

150. Answering Paragraph 150, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, Defendant responds that "Defendants," "could have avoided all this," and "reasonable anti-theft technology" are vague and ambiguous, and denies

the allegation on that basis. Answering further, Defendant denies that it manufactures vehicles. All allegations in this Paragraph not specifically admitted are denied.

151. Answering Paragraph 151, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" and "economic losses" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

152. Answering Paragraph 152, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it created a nuisance. All allegations in this Paragraph not specifically admitted are denied.

153. Answering Paragraph 153, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' conduct," "discrete event," "discrete emergency," "services," and "ongoing services and resources beyond what a government would reasonably expect to provide" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that Plaintiff alleges a public nuisance. Answering further, Defendant denies that it created a public nuisance. Answering further Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

154. Answering Paragraph 154, Defendant responds that "expenditures," "special programs," and "over and above their ordinary public services" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

155. Answering Paragraph 155, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them. Answering further, Defendant responds that "unique harms," "different in kind and degree," and "harms" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

156. Answering Paragraph 156, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them.

Answering further, Defendant responds that "Defendants" and "economic loss" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph. Answering further, Defendant admits that Plaintiff purports not to seek the relief described in this Paragraph. Answering further, Defendant denies that it created or assisted in the creation of a public nuisance. All allegations in this Paragraph not specifically admitted are denied.

**COUNT THREE -- NEGLIGENCE**

157. Answering Paragraph 157, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

158. Answering Paragraph 158, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "reasonably careful person," "under the circumstances," "development," "testing," and "Defendants' products" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs, researches, or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

159. Answering Paragraph 159, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that “Defendants,” “take all reasonable steps necessary,” “so easy to steal,” “incubation,” “secondary market,” and “unsafe . . . vehicles” are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. To the extent Plaintiff’s allegation rely on the decisions cited in footnote 91 of the FAC, the decisions speaks for themselves. All allegations in this Paragraph not specifically admitted are denied.

160. Answering Paragraph 160, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that “Defendants” “unreasonable risk,” and “harm” are vague and ambiguous, and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

161. Answering Paragraph 161, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants'" is vague and ambiguous, and denies the allegation on that basis. All allegations in this Paragraph not specifically admitted are denied.

162. Answering Paragraph 162, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "hazards and dangers," "reasonable anti-theft technology," "increased risk," and "public harm" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

163. Answering Paragraph 163, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "more vulnerable," "reasonable anti-theft technology," "natural and probable consequence," "increased thefts," "formerly unsuccessful attempts that would now become successful," "secondary market," and "unsafe . . . vehicles" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant

denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

164. Answering Paragraph 164, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant responds that "bear the cost," dealing with," "effects," and "market of unsafe . . . vehicles" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

165. Answering Paragraph 165, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "exercise of reasonable care," "should have known," "omission," "reasonable anti-theft technology," "dangerous and unreasonable risk of injury," "best position," and "rise" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

166. Answering Paragraph 166, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations

directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "action and inaction," "reasonable care," "act as a reasonably prudent person and/or company," "development," "testing," "standard," and "reasonable anti-theft measures" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs, researches, or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

167. Answering Paragraph 167, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, "Defendants," "in control" and "testing" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs, researches, or manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

168. Answering Paragraph 168, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "should have known," "injuries," "Defendants'," "exercise reasonable care," "recognition," and "effective deterrent" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

169. Answering Paragraph 169, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "failing to monitor and guard," "misconduct," and "such misconduct" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

170. Answering Paragraph 170, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants," "acted unreasonably," "their conduct," "Defendants'," "helped," "injuries, harms, and economic losses" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that its conduct was the proximate cause of any of Plaintiff's alleged injuries. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

171. Answering Paragraph 171, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants' acts and omissions," "unreasonable risk of harm," and "acts" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

172. Answering Paragraph 172, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "injuries, harms, and economic losses,"

and "Defendants' . . . conduct" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

173. Answering Paragraph 173, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants'," "wrongful acts and omissions," "injured," "economic damages," "expenses," "expending, diverting, and increasing resources," and "provide emergency medical services" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

174. Answering Paragraph 174, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

Answering further, Defendant responds that "Defendants," "conduct," "reckless disregard," "safety and health," "fully aware," and "probable dangerous consequences" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

175. Answering Paragraph 175, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "conduct," "reckless and conscious disregard," "managing agents," "reckless disregard for public safety," "adopted," and "that conduct" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

176. Answering Paragraph 176, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "misconduct," "discrete event," "discrete emergency," "not part of the normal and expected costs of a local government's existence," and "wrongful acts which are neither discrete nor of the sort a local government can reasonably expect to occur" are vague and ambiguous, and denies the

allegations on that basis. Answering further, Defendant admits that Plaintiff alleges wrongful acts. Answering further, Defendant denies that it has committed wrongful acts. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

177. Answering Paragraph 177, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "expenditures," "over and above its ordinary public services," and "Defendants' actions" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

178. Answering Paragraph 178, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "tortious conduct," "each Defendant," "substantial factor," and "producing harm" are vague and ambiguous, and denies the

allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

179. Answering Paragraph 179, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "willful, knowing, and reckless," "reckless disregard," and "public safety" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that an aggravated or punitive damages award is warranted. All allegations in this Paragraph not specifically admitted are denied.

180. Answering Paragraph 180, HMC and KC have been dismissed as defendants from this case, and therefore no response is required as to the allegations directed to HMC and KC. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed to KC or the Hyundai Defendants, and therefore denies them. Answering further, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant responds that "Defendants," "injuries," "the ordinary course of events," and "due care commensurate to the dangers," "development," and "testing" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactures or designs vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

181. Answering Paragraph 181, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph. Answering further, Defendant admits that Plaintiff purports not to seek the relief described in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

**RESPONSE TO PRAYER FOR RELIEF**

182. Answering Paragraph 182, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

183. Answering Paragraph 183, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

184. Answering Paragraph 184, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

185. Answering Paragraph 185, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

186. Answering Paragraph 186, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

187. Answering Paragraph 187, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

188. Answering Paragraph 188, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

189. Answering Paragraph 189, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

190. Answering Paragraph 190, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

191. Answering Paragraph 191, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

**RESPONSE TO JURY TRIAL DEMAND**

192. Answering Paragraph 192, Defendant admits that Plaintiff purports to demand a jury trial. Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all causes of action, claims, and issues so triable.

**STATEMENT OF DEFENSES**

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense, or that any particular issue or subject matter herein is relevant to Plaintiff's claims.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

Plaintiff fails to state a claim for which relief can be granted.

**SECOND DEFENSE (PROXIMATE CAUSE)**

No act or omission of Defendant was the legal or proximate cause of any injury alleged by Plaintiff.

**THIRD DEFENSE (COMPLIANCE)**

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations. Moreover, Defendant did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

**FOURTH DEFENSE (LACHES)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff has unreasonably delayed in bringing this action and acquiesced in the issue about which it now complains.

**FIFTH DEFENSE (RATIFICATION)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff, through its acts, conduct, and omissions, ratified the alleged conduct of which it now complains.

**SIXTH DEFENSE (PREEMPTION)**

To the extent Plaintiff's claims seek to impose liability for failure to install specific anti-theft devices or to comply with anti-theft regulations, its claims are preempted by the federal motor vehicle safety standards, including but not limited to, 49 CFR § 541 et seq. and 49 CFR § 571.114, with which Defendant complied.

**SEVENTH DEFENSE (NO FORESEEABILITY)**

Plaintiff's claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendant.

**EIGHTH DEFENSE (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)**

Plaintiff's claims are barred, in whole or in part, and/or reduced by contributory or comparative negligence and contributory or comparative fault, for reasons including, but not limited to, Plaintiff's alleged injuries and/or damages were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof, and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

**NINTH DEFENSE (INTERVENING ACTS/CAUSATION)**

Plaintiff is barred from recovery because its alleged injuries were directly and proximately caused by the criminal and tortious acts of third parties over whom Defendant had no control or right of control.

**TENTH DEFENSE (MISUSE)**

Plaintiff is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the subject vehicles.

**ELEVENTH DEFENSE (USE IN DISREGARD OF INSTRUCTIONS)**

Plaintiff's claims are barred to the extent the subject vehicles were used in disregard of the instructions and directions regarding their use, and that such misuse was not foreseeable to Defendant.

**TWELFTH DEFENSE (ALTERATION OF PRODUCT)**

The subject vehicles may have been altered and changed after they left Defendant's possession, custody, and control, and as such, Defendant would not be liable for Plaintiff's alleged injuries.

**THIRTEENTH DEFENSE (NON-DEFECTIVE PRODUCT)**

The subject vehicles were neither defective nor unreasonably dangerous when they left Defendant's possession or control.

**FOURTEENTH DEFENSE (STATE OF THE ART)**

Plaintiff's claims are barred because the subject vehicles were manufactured, designed, tested, and labeled in a manner conforming to the generally recognized or prevailing state of relevant scientific and technological knowledge available at the time the vehicles were designed, manufactured, and placed on the market, and their benefits exceeded any associated risks.

**FIFTEENTH DEFENSE (FIRST AMENDMENT)**

Plaintiff's claims may be barred, in whole or in part, by the First Amendment to the Constitution of the United States. Defendant's representations, advertisements, and communications are entitled to protection under the United States Constitution.

**SIXTEENTH DEFENSE (ECONOMIC LOSS RULE)**

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

**SEVENTEENTH DEFENSE (MUNICIPAL COST RECOVERY RULE)**

Plaintiff's claims are barred, in whole or in part, under the municipal cost recovery rule.

**EIGHTEENTH DEFENSE (COGNIZABLE DAMAGES)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

**NINETEENTH DEFENSE (STANDING)**

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff lacks standing to recover damages.

**TWENTIETH DEFENSE (SPECULATIVE DAMAGES)**

Plaintiff's claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper.

**TWENTY-FIRST DEFENSE (MITIGATION)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses or damages.

**TWENTY-SECOND DEFENSE (PRIMARY JURISDICTION)**

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the FAC.

**TWENTY-THIRD DEFENSE (UNCLEAN HANDS)**

Plaintiff comes to the Court with unclean hands that preclude any award of equitable relief, including because: (1) Plaintiff failed to enforce the law to prevent thefts; (2) Plaintiff brought suit against Defendant rather than any single thief directly responsible for its alleged injuries; and (3) Plaintiff has attempted to impose private liability in a manner contrary to public policy and the public interest.

**TWENTY-FOURTH DEFENSE (ABATEMENT)**

Plaintiff's request for abatement is barred in whole or in part on one or more of the following grounds: (1) Plaintiff cannot demonstrate that any viable abatement measures exist beyond those voluntarily undertaken by Defendant; and (2) Plaintiff improperly seeks damages disguised as an abatement fund.

**TWENTY-FIFTH DEFENSE (STATUTE OF LIMITATIONS AND REPOSE)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and of repose for each claim.

**TWENTY-SIXTH DEFENSE (RIPENESS)**

Plaintiff's claims are not ripe and/or have been mooted.

**TWENTY-SEVENTH DEFENSE (LIMITATIONS, CAPS, AND SETOFFS)**

Plaintiff's claims are barred, in whole or in part, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

**TWENTY-EIGHTH DEFENSE (COLLATERAL SOURCE)**

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**TWENTY-NINTH DEFENSE (NO DUTY)**

Defendant did not owe or breach any statutory or common law duty to Plaintiff.

**THIRTIETH DEFENSE (AUTHORITY)**

Plaintiff's claims are barred to the extent that it lacks the statutory authority under respective state laws or its own applicable county or municipal codes or regulations.

**THIRTY-FIRST DEFENSE (SEPARATION OF POWERS)**

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

**THIRTY-SECOND DEFENSE (PRUDENTIAL MOOTNESS)**

Some or all of Plaintiff's claims are subject to the prudential mootness doctrine.

**THIRTY-THIRD DEFENSE (CAPACITY)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and claims brought as *parens patriae*.

**THIRTY-FOURTH DEFENSE (GOOD FAITH/PUNITIVE DAMAGES)**

Defendant cannot be held liable for any punitive, exemplary, or other similar damages, because Defendant at all times made good faith efforts to comply with the

law. Defendant denies that punitive and/or exemplary damages against Defendant are warranted, because at no time did Defendant act wrongfully or with malice, bad faith, or reckless indifference toward Plaintiff.

**THIRTY-FIFTH DEFENSE (CONSTITUTIONAL LIMITS ON DAMAGES)**

Plaintiff's claims for punitive, aggravated, or exemplary damages or other civil penalties are barred, in whole or in part, by the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of any state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are

accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## RESERVATION OF DEFENSES

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to rely on such defenses as may become available or apparent. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law and equity, that may now be or in the future will become available based on discovery or any other factual investigation concerning this action or any related action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief from judgment from Plaintiff as follows:

1. Plaintiff take nothing by reason of this FAC;
2. Defendant recovers its costs and attorneys' fees incurred herein; and
3. For such further and other relief as the Court deems proper.

DATED: September 23, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *\/s/ Steven G. Madison*

Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant*
*Kia America, Inc.*